The opinion of the court was delivered by
Carpenter, J.
Without entering into an examination of much of the doctrine discussed by counsel in this case, it is sufficient to say, so far as regards the four first counts in the declaration, on the demises of Abram and Isaac Hendricks, and on the demises of Abram Hendricks, that no recovery can be had on those counts against the deeds of the lessors. The case shows conveyances by both Abram and Isaac Hendricks, and the deed in each case is effectual as between the parties to it. Neither can recover in opposition to his deed, in the one case to the defendant, and in the other case to Obert. It operates to estop him ; and however void as against any one having right, neither can recover on these demises in opposition to his own deed. Jackson v. Dumont, 9 Johns. Rep. 60.
It has been urged by counsel that the seven last counts being on the demises of the cestuis que trust, no recovery can be had on these counts, for want of the legal title. Unquestionably, in ejectment, the plaintiff must recover on a legal title. The law, as is well understood at the present day, was brought back to its true principle by the decision of Lord Kenyon in Doe v. Staple, 2 Term Rep. 684, in which he overruled the equitable decisions of Lord Mansfield ; and it may now be considered as well established, that a eestui que trust cannot recover in ejectment, unless indeed, a surrender to him of the legal estate can be reasonably *398 presumed. Lord Kenyon observed that “ he extremely approved of what was said by Lord Mansfield in Lade v. Holford, 3 Burr. 1416, that he would not suffer a plaintiff in ejectment to be non-suited by a term outstanding in his own trustee, or a satisfied term set up by a mortgagor against his mortgagee, but would direct a jury to presume a surrender;” in that case however, holding that the facts would not admit of the presumption. A distinction is recognized between presuming the surrender of a tern?, and the reconveyance of the legal estate in fee. There is no time at which it can be said of the former that its purposes have been fulfilled, and that it would be useless in the hands of third persons; the latter as' soon as the purpose for which the conveyance was originally made has been completed, becomes functus officio. After a lapse of time, a reconveyance may therefore be presumed, to have been made at the period, when the object has been effected ; and when a reconveyance by the cestui que trust might have been required. In England v. Slade, 4 Term Rep. 682, the plaintiff, in an ejectment brought in 1792, offered in evidence, in support of his title, a lease from A.; and it was proved that A. claimed under a will dated in 1777, by which the estate in question was devised to the use of trustees, in trust for A. and to convey the same to him immediately on his attaining twenty-one, and in the meantime for his maintenance. A. came of age in September, 1788 ; no conveyance by the trustees to A. was proved, and the question was, could such conveyance be presumed ? Lord Kenyon, the other judges assenting, held that a conveyance ought to be presumed. “ There is no reason why the jury should not have presumed a conveyance from' the trustees to him, upon his attaining the age of twenty-one years, in pursuance of their trust, according to what was said by Lord Mansfield in Lade v. Holford. It was what they were bound to do ; and what a court of equity would have compelled them to have done, if they had refused. But it is rather to be presumed that they did their duty; and as to the time, the jury may be directed to presume a surrender or conveyance in much less time than twenty years.” In the subsequent case of Doe v. Sybourn, 7 Term Rep. 2, the same presumption was made, and Lord Kenyon laid it down, “ that in all cases when trustees ought *399 to convey to the beneficial owner, he would leave it to the jury to presume, when such a presumption might reasonably be made, that they had conveyed accordingly, in order to prevent a just title from being defeated by a matter of form.”
Courts have been very free to presume deeds, in the execution of trusts according to the duty of trustees, where it is for the sole benefit of the cestui que trust, where the trust has been fulfilled and where it is the duty of the trustee to convey, or a court of equity would decree a conveyance. The cases range as to the length of time from many to a very few years ; but it is evident from the principle upon which the decisions go, that a very short time in case of a clear trust would be sufficient. Law grounds its presumption on the fact, that a court of equity would compel the execution of such trusts; and seems in this instance very nearly to follow the rule in chancery, that what ought to be done shall be considered as done. Cases cited supra, Jackson v. Woolsey, 11 Johns, R. 456. Cowen's Notes to 1 Phil. Ev. 162, note 311.
The cestui que trust is entitled to the possession of the estate, and may call upon the trustee to execute conveyances according to his direction. These are rights which may be enforced by means of a court of equity, at least in cases where the cestui que trust is exclusively interested and when the retainer of the legal estate, in the hands of the trustee, is not needed to answer some ulterior purpose. Lewin on Trusts, 477, 486, 24 Law Lib.
I am of opinion therefore, in accordance with these principles, that the said Abram and Isaac Hendricks holding the premises in question as trustees for the other heirs of John Hendricks; those heirs being entitled to the possession and the profits in proportion to their respective interests, and entitled at any time to call for a conveyance by the trustees ; and no possession or holding, at least until 1822 appearing adverse to these rights, that a conveyance or conveyances by the trustees may be presumed for the benefit of the cestui que trust. That it being a legitimate presumption which the jury were authorized to make, that, at the time when this trust was fulfilled and when the title became vested in the trustees for the sole benefit of the cestuis que trust, the trustees in pursuance of their duty had so conveyed; that the subsequent *400 deeds of Isaac Hendricks to Cornelius Bordine and of Abram Hendricks to Peter G-. Obert, were inoperative and void, so far as related to the interests of the other heirs of John Hendricks, deceased. But those deeds must be considered valid and subsisting deeds, so far, as relates to any interests of the respective grantors in the premises, and vested in said Bordine and Obert respectively the rights of the said Abram and Isaac Hendricks.
One joint tenant or tenant in common may maintain ejectment against his companion, on proof of actual ouster, or of facts from which ouster may be inferred. In this case there can be no difficulty on this point, the case showing the defendant in possession holding adversely under a deed for the whole premises, and denying the title of his co-tenants. But it would seem to be confessed by the consent rule. The practice is, if there has been no actual ouster, for the defendant to apply to the court for a special rule to confess lease, entry, and also ouster of the nominal plaintiff, if an actual ouster of the plaintiff’s lessor, by the defendant, should be proved on the trial, and not otherwise. 2 Roscoe on Real Actions, 574, 29 Law Lib. 161, 3 Burr. 1897.
With regard to the time of the demise laid in the fifth count, it being on the same day wit-h the deed under which Peter G. Obert the lessor in that count claims title, it seems sufficient. It is true that the demise must be subsequent to the time when the claimants’ right of entry accrues, yet it has been held in ejectment on the demise of an heir by descent, that the demise was well laid on the d'ay the ancestor died; for the ancestor might die at five o’clock, the heir enter at six, and make a lease at seven, which would be a good lease. Roe, d. Wrangham v. Hersey, 3 Wils. 274. It is stated in a late work that the demise is usually laid after, but it may be laid on the day when the right of entry accrued. Browne on Actions at Law, 475, 45 Law Lib.
I am therefore of opinion, that the plaintiff is entitled to recover, according to the interest of the respective lessors, on the fifth and subsequent counts; that the rule to show cause, should be discharged, and that judgment should be entered fór the plaintiff.
Rule discharged and judgment for the plaintiff.
Cited in Brown ads. Combs, 5 Dutch. 41.